UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23050-CIV-ALTONAGA/Reid

**ATELIER EUMORI**,

    Plaintiff,
v.

**JACKYAO**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On October 21, 2025, the Clerk entered Default [ECF No. 49] against Defendant, jackyao following its failure to appear or respond to Plaintiff, Atelier Eumori's Complaint for Damages and Injunctive Relief [ECF No. 1]. Accordingly, it is

**ORDERED** that Plaintiff, Atelier Eumori must file one of the following two responses by **November 5, 2025**:

(1) Where there is only one defendant, or where there are multiple defendants,[1] but no allegations of joint and several liability among the defendants, and no possibility of inconsistent liability between defendants, Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by Defendant and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *motion* shall also be accompanied by (1) a proposed order; and (2) a proposed final judgment. Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be**

---

[1] If there are multiple defendants, Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

CASE NO. 25-23050-CIV-ALTONAGA/Reid

**submitted to the Court by e-mail in Word format** at altonaga@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to Defendant. In the certificate of service, Plaintiff shall indicate that notice was sent to Defendant and the address where the notice was sent.

If Defendant fails to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2) Where there are multiple defendants and allegations of joint and several liability, or the possibility of inconsistent liability between defendants, Plaintiff shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (4th ed. 2021) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other defendants' liability. Once liability is resolved as to all defendants, Plaintiff may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

\*     \*     \*

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** of the case without prejudice and without further notice.

CASE NO. 25-23050-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record